UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | |
| | ) | 1:19-cv-00134-LEW |
| ANGELA DOODY, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

On March 15, 2021, I entered Judgment sentencing Angela Doody to a 60-month term of imprisonment. On September 23, 2022, Ms. Doody filed a letter motion requesting the appointment of counsel to assist her with a motion for reduction of sentence. Ms. Doody does not explain why she believes she may deserve a sentence reduction, but she does mention that Alderson Prison Camp is "operating in the red (the highest alert with modified operations due to the COVID outbreak)." Letter Motion (ECF No. 746). Based on this assertion, I understand Ms. Doody's letter to communicate her intention to seek compassionate release.

Ms. Doody is not entitled to counsel to assist her with this matter. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), including a motion for compassionate release. *See United States v. Fleming*, 5 F.4th 189, 192-93 (2d Cir. 2021) ("[A] defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the denial of such a motion...."). Instead, "the appointment of counsel [on a post-conviction motion] must rest in the discretion of the court." *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965).

When determining whether an indigent defendant is entitled to counsel on a post-conviction motion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context. *See*, *e.g.*, *United States v. Pinkham*, No. 2:15-CR-00128-JDL, 2020 WL 7753968, at *2 (D. Me. Dec. 29, 2020) (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). This test asks whether the defendant has "a fair likelihood of success on" her claim, whether the issues raised are "factually complex and legally intricate," and whether "the facts are largely undeveloped." *Mala*, 7 F.3d at 1063–64.

Ms. Doody's letter does not suggest to me that she has a fair likelihood of success on meeting the high standard restricting access to compassionate relief, which I will describe shortly. Nor does the scenario appear to be factually complex or factually undeveloped. The spead of COVID continues to be a significant concerns at FPC Alderson, as it is elsewhere. When Ms. Doody filed her request, evidently FPC Alderson's COVID alert level was at level 3 (red). The Bureau of Prisons website now states that the facility's alert level is level 2 (yellow). Ms. Doody has not described any special susceptibility to experiencing negative outcomes from COVID infection. Nor has she indicated whether she experienced prior infection or the extent to which she is vaccinated. Given these omissions, and infering that Ms. Doody's failure to disclose the facts indicates that the relevant information would not assist her, this does not appear to be an appropriate case for appointment of counsel.

Before I would task counsel with her representation, I would expect Ms. Doody to describe circumstances suggesting that her situation exposes her to atypical and heightened

health risks. A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). For example, the sentencing provisions of the federal criminal code authorize a district judge to reduce a defendant's sentence if "extraordinary and compelling reasons warrant" such a reduction when considered in light of the general sentencing factors set forth in 18 U.S.C. § 3553(a).[1] *See* 18 U.S.C. § 3582(c)(1)(A)(i). The code also conditions such relief on the prisoner first presenting an administrative request to the Bureau asking it to press such a motion on the prisoner's behalf, and then waiting at least 30 days for a response. *Id.* § 3582(c)(1)(A).

Ms. Doody has not provided me with any reason to think that her current situation may be an extraordinary and compelling one necessitating early release. Nor does it appear that she made an administrative request directed to the warden of FPC Alderson or waited

---

[1] The sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];
> (5) any pertinent policy statement . . . by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

for the warden's response. Accordingly, Ms. Doody's request for appointment of counsel for purposes of a compassionate release motion is DENIED. Ms. Doody may present a new motion for appointment of counsel and/or her own motion for compassionate release if she believes her circumstances warrant it based on the legal standards I have outlined herein.

**SO ORDERED.**

Dated this 28th day of October, 2022

                                                         /s/ Lance E. Walker
                                                     UNITED STATES DISTRICT JUDGE