UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00134-JAW-7 |
| | ) | |
| ANGELA DOODY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On July 17, 2019, a federal grand jury indicted Angela Doody for participating in a multi-defendant conspiracy to distribute methamphetamine in the District of Maine from January 1, 2017 to August 30, 2018 and for unlawful use of a communication facility. *Indictment* (ECF No. 2). On October 2, 2020, Ms. Doody pleaded guilty to the conspiracy count, *Min. Entry* (ECF No. 383), and on March 15, 2021, a United States District Judge sentenced her to sixty months of incarceration, three years of supervised release, no fine, and a $100 special assessment. *J.* (ECF No. 512). Ms. Doody completed her term of incarceration on July 25, 2024, *Gov't's Resp. to Def.'s Req. for Early Termination of Supervised Release* at 2 (ECF No. 793) (*Gov't's Resp.*). Ms. Doody's three-year term of supervision is scheduled to expire on July 25, 2027. *Id.*

On September 2, 2025, Ms. Doody filed a request for early termination of her supervised release. *Req. for Early Termination of Supervised Release* (ECF No. 792). In her request, Ms. Doody notes that she has been employed for nearly two years at First Choice Market and Deli, that her employment has "provided [her] with stability, purpose, and a supportive environment." *Id.* at 1-2. Ms. Doody also describes some

health issues she has recently encountered. *Id*. at 2. She asks the Court to terminate her supervised release early so that she can focus on her health. *Id*. According to the Government, the Probation Office opposes Ms. Doody's request. *Gov't's Resp*. at 2. Ms. Doody apparently had positive drug tests for methamphetamine in May 2025 and on September 9, 2025. *Id*. at 2-3.

Federal sentencing law states that the sentencing court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," provided that the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When considering a termination request, the Court must also consider a set of relevant sentencing factors under § 3553(a). *Id*. § 3583(e). These are the nature and circumstances of the offense and history and characteristics of the defendant, deterrent effect, protection of the public, provision of needed training and care or correctional treatment to the defendant, kinds of sentence and sentencing range advised by the Sentencing Commission, any pertinent Commission policy statement, avoiding sentence disparities, and the need for restitution. *Id*. §§ 3553(a), 3583(e). Mere compliance with conditions of supervised release is not enough to warrant the termination of supervision. *United States v. Swain*, No. 11-cr-00015-JAW, 2021 U.S. Dist. LEXIS 77113, at *14 (D. Me. Apr. 22, 2021). Full compliance with supervision is assumed and expected. *Id*.

Here, unfortunately, Ms. Doody has failed to fully comply with the conditions of supervised release because she has twice tested positive for use of

methamphetamine. A mandatory and special condition of her supervised release is not to use or possess any controlled substance. *J.* at 3-5. By testing positive for methamphetamine, she has violated this condition. The Revised Presentence Investigation Report confirms that Ms. Doody was badly addicted to methamphetamine, at one point using one-half gram per day. *Revised Presentence Investigation Report* at 16-17 (ECF No. 449). Ms. Doody was a mid-level participant in a methamphetamine distribution conspiracy, sending and receiving drugs, collecting proceeds, and distributing methamphetamine to other lower-level dealers. *Id.* at 6. Given that her positive tests were for use of methamphetamine, the same drug she abused and led to her participation in a significant methamphetamine distribution conspiracy, the Court concludes that she has failed to comply with a material condition of her supervised release and is not entitled to early termination.

The Court is encouraged by Ms. Doody's progress generally on supervised release and urges her to maintain compliance and to continue to be a productive and law-abiding member of society.

The Court DISMISSES without prejudice Angela Doody's Request for Early Termination of Supervised Release (ECF No. 792).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2025